## PURCHASE AND SALE AGREEMENT

SELLER(s): **Joe & Steven Realty, LLC** (sometimes referred to as Joseph & Stephen Realty, LLC, a New Hampshire limited liability company with an address of 21 Canal Street, Nashua, New Hampshire 03064, and

**J&S Gas, Inc.**, a New Hampshire corporation with the same address.

BUYER: **Kayrouz Petroleum, LLC**, a Massachusetts limited liability company with an address of 16 E. Main Street, Marlborough, Mass.

CONSENTING PARTIES: **Independence Bank**, a Rhode Island bank with an address of 1370 South County Trail, East Greenwich, RI 02818 (herein sometimes referred to as the "Bank")

**Chaffic Khabbaz, Christina Khabbaz and Joe C. Khabbaz,** individuals with an address of _____ and with an interest in the Sellers and as present or former guarantors of the Seller's debts to the Buyer or Independence Bank

DATE: As of July 17, 2008

1. SALE AND PURCHASE OF PROPERTY.

Joe & Steven Realty, LLC hereby agrees to sell and convey to Buyer and Buyer hereby agrees to purchase from Joe & Steven Realty, LLC, subject to the terms and conditions set forth, the land and building known as 21 Canal Street, Nashua, New Hampshire 03064 as more particularly described in deed recorded in the Hillsborough County Registry of Deeds at Book 7396 Page 1935 together with all of the fixtures attached to said land and buildings (the Property).

J&S Gas, Inc. agrees to sell and convey to Buyer and Buyer agrees to purchase all of its personal property located in or on and used in or useful to the Property (the Personal Property).

2. PURCHASE PRICE.

The agreed Purchase Price for the Property, including the Personal Property, is $456,000, of which:

a) $6,000 ("Deposit") is payable with the execution of this agreement, to be held by Buyer's attorney, Joseph A. Foster, in escrow;

b) $425,000 shall be paid at Closing by certified or cashier's check payable directly to Independence Bank, and the deposit shall be paid to the same by the escrow agent upon closing; and

c) $25,000 shall be paid to the Bank in the form of a five year interest-free note from Buyer payable in 60 monthly installments of $416.66 each. The note shall be in the form of SBA Standard Form 147, as modified by the SBA for New Hampshire.

Upon tender to the Bank of the Purchase Price in the form of the cash and note, Independence Bank will release its mortgage.

Upon the execution of this Agreement by all parties, $4,540 will be deemed fully earned and will be payable (as noted in this paragraph) to the Independence Bank and by agreement of the parties will satisfy the obligation of the Seller to make an adequate protection payment. Upon closing, the $6,000 shall be delivered to the bank and be applied to the purchase price. Upon failure of closing for any reason whatsoever, $4,540 of the deposit shall be delivered to the Bank and the balance, $1460, shall be returned to the Buyer. The provisions of this paragraph shall survive the termination of this Agreement.

As additional consideration for the transfer of the real estate and related personalty, upon the closing, the Buyer shall be deemed to have forgiven all amounts outstanding on a note by and between J&S Gas, Inc and the Buyer which Note is also secured by the Guaranty of Joe & Steven Realty, LLC in the principal amount of $254,706.38.

At closing, Kayrouz shall reimburse Chaffic Khabbaz, Christina Khabbaz and Joe C. Khabbaz for certain environmental tests performed at the Property in 2008.

At closing, Independence Bank, the Sellers, Chaffic Khabbaz, Christina Khabbaz and Joe C. Khabbaz and the Buyer shall exchange mutual general releases for all matters relating to all loans made or petroleum products sold relating to the Property. Amounts due to Buyer from J&S Gas, Inc. or any Khabbaz for products sold or funds lent for operations at other stations J&S Gas, Inc. may own or operate shall remain due and owing.

3.   CLOSING COSTS.

Buyer shall each pay its share, and the Bank shall pay the Seller's share of the documentary stamp and other transfer taxes in connection with the conveyance of the Property.

4.   TIME FOR PERFORMANCE.

Closing shall take place at the office of McLane, Graf, Raulerson & Middleton P.A., 900 Elm

2

Street, Manchester, New Hampshire at 10:00 A.M. on or before the 31st day of July, 2008. The time for possession shall be upon closing.

If the closing is not completed by July 31, 2008, unless the parties hereto otherwise agree, this Agreement shall be deemed null and void except as to the deposit which shall be distributed as noted in paragraph 2. In such event, the parties agree that the Bank shall be entitled to the relief from the automatic stay with respect to the Property, as requested in its Motion for Relief from Automatic Stay filed on April 30, 2008 with the U.S. Bankruptcy Court for the District of New Hampshire in the matter entitled In re Joe & Steven Realty, LLC, Bk. No. 08-10943-MWV. The provisions of this Section 4 shall survive termination of this Agreement.

5. CONVEYANCING AND TITLE.

The Property is to be conveyed by a warranty deed and bill of sale running to Buyer. Said deed and bill of sale shall each convey marketable title to the Property free and clear of liens and encumbrances other than real estate taxes, land use law and regulation, and existing easements and covenants not interfering with the use of the Property as a gas station.

6. RISK OF LOSS.

All risk of loss, damage or destruction of the Property, as defined herein, prior to the closing, shall be on Seller.

7. TAX ADJUSTMENT.

Taxes and other governmental assessments on the Property for the then current year shall not be apportioned between Buyer and Sellers as of the date of performance of this Agreement but instead shall be assumed by the Buyer. The Bank hereby agrees to add the amount which, if such apportionment took place, would be the Buyer's obligation and add such amount to the Note described in Paragraph 2.c of the Agreement and re-calculate the payments due on the Note to reflect the increased principal balance. .

8. BROKER.

Buyer and Seller represent and warrant to the other than none of them has had any contact with any real estate broker in connection with this transaction. Each party agrees to indemnify the other against and to hold the other harmless from any cost, claim, loss, liability, damage, or expense arising from any claim for any brokerage commission or fee which may be asserted against the other in

3

connection with this transaction which arises from any action of either party, including, without implied limitation, reasonable attorneys' fees and expenses for defending any such claim from any broker. The provisions of this paragraph shall survive the closing.

9.  DEFAULT.

If Buyer fails to fulfill Buyer's agreements herein, the Deposit, less $4,540 payable to the Bank pursuant to Section 2, shall be retained by Seller not as a penalty, but in liquidation of all damages sustained by Seller because of such default by Buyer. Seller shall have no other remedy against Buyer for such default at law or in equity. If Seller fails to fulfill Seller's agreements herein, the Buyer may pursue the Buyer's remedies at law or in equity.

10. AUTHORITY.

The parties agree to provide at or prior to the time of Closing such certificates and other documents establishing their respective authority to consummate the transaction contemplated hereby as the other parties' attorneys may reasonably request upon reasonable notice.

11. "AS IS".

Buyer represents, warrants and agrees that it has placed no reliance upon any representations, warranties or agreements made by or on behalf of Seller as to any matters concerning the Property, including, but not limited to, its area, topography, air, water, water rights, utilities, present or future zoning, soil, subsoil, the uses for which the Property is suited, drainage or access or with respect to the compliance by the Property with any law, by-law or regulation of any governmental authority. Buyer represents, warrants and agrees that the inspections provided for above are sufficient as its own independent inspection of the Property; the Buyer takes the Property "as is" as of the date of performance, and that Buyer is entering into this Agreement solely upon such inspection and representation. On the basis of such representation and warranty by Buyer, Seller is willing to enter into this Agreement. No patent or latent physical condition of said Property, whether or not now known or discoverable, or whenever discovered, shall affect the rights of any party hereto unless claimed within two weeks of the date of this Agreement by the Buyer. Any agreements, warranties or representations not expressly set forth in this Agreement shall in no way bind Seller.

12. NOTICES.

All notices required or permitted hereunder shall be in writing and shall be deemed to have been duly given when delivered in hand or three (3) business days after mailing by registered or certified mail, postage prepaid, return receipt requested, addressed to the Seller or the Buyer, as the case may be, at their addresses set forth below:

      If to Seller, as listed above

      With a copy to:       Leonard Deming
                             Deming Law Office
                             491 Amherst Street, Suite 22
                             Nashua, N.H. 03063
                             (603) 882-2189

      If to Buyer, at address as listed above

      With a copy to Buyer's counsel:       Joseph A. Foster
                                           McLane, Graf, Raulerson & Middleton P.A.,
                                           900 Elm Street,
                                           Manchester, New Hampshire a

13.    TIME OF ESSENCE.

      Time is of the essence in this Agreement.

14.    INTERPRETATION.

      This Agreement shall be interpreted under the laws of the State of New Hampshire and shall inure to the benefit of, and be binding upon, the heirs, successors and assigns of the parties.

      (a) The captions used herein are for convenience only, are not a part of this Agreement, and shall not be used in construing it.

      (b) Reference herein to the masculine shall be deemed to include the feminine and reference to the singular shall be deemed to include the plural where the context so requires or permits.

      (c) This Agreement contains all the terms and conditions of this sale and any oral representations made by either party prior to the signing of this Agreement are null and void. This Agreement may only be modified by a written instrument.

15.    ACCEPTANCE DEADLINE.

      This Agreement shall be void unless executed by all necessary signers on or by July 15, 2008.

16. **COURT APPROVAL**

The parties to the Agreement acknowledge that Joe & Steven Realty, LLC is in chapter 11 proceedings which are pending before the United States Bankruptcy Court for the District of New Hampshire. This Agreement shall not become effective unless and until it is approved by the Court or the case is dismissed. Counsel for the Debtor agrees, at Buyers option, to seek approval upon execution of this agreement or to seek dismissal of the case on an expedited basis.

SELLER:
Joe & Steven Realty, LLC

_____ By:_____
Witness

J&S Gas, Inc.

_____ By:_____
witness

BUYER:
Kayrouz Petroleum, LLC

_____ By:_____
Witness

AGREED AND TO CONSENTED TO BY:

6

## 16. COURT APPROVAL

The parties to the Agreement acknowledge that Joe & Steven Realty, LLC is in chapter 11 proceedings which are pending before the United States Bankruptcy Court for the District of New Hampshire. This Agreement shall not become effective unless and until it is approved by the Court or the case is dismissed. Counsel for the Debtor agrees, at Buyers option, to seek approval upon execution of this agreement or to seek dismissal of the case on an expedited basis.

SELLER:
Joe & Steven Realty, LLC

By: _____

Witness _____

J&S Gas, Inc.

By: _____

witness _____

BUYER:
Kayrouz Petroleum, LLC

By: _____

Witness _____

AGREED AND TO CONSENTED TO BY:

6

**INDEPENDENCE BANK**

By:_____
Robert A. Catanzaro, Jr.
Its President

CHAFIC KHABBAZ

CHRISTINA KHABBAZ

JOE C. KHABBAZ

23421M 2.DX\23+2347.DOC
July 18, 2008 8:49:11 AM/8:41:21 AM

7