UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In re: Joe & Steven Realty, LLC., | ) | Chapter 11 |
| | ) | Bk. No. 08-10943-MWV |
| Debtor | ) | |
| | ) | |

ORDER REGARDING MOTION TO SELL REAL ESTATE

UPON CONSIDERATION of Debtor's Motion to Sell Real Estate Free and Clear of Liens pursuant to 11 U.S.C. § 363(b)(1) filed by the Debtor-in-Possession in this case pursuant to the terms of that certain Purchase and Sale Agreement dated as of July 17, 2008 by and between the Debtor, J&S Gas, Inc ("together the "Sellers") and Kayrouz Petroleum, LLC (the "Purchaser") (the "Agreement") for the sale of certain property with an address of 21 Canal Street, Nashua, NH. (the "Real Property") as well as certain personal property owned by J&S Gas, Inc.; and notice having been given to all parties interested in this matter, and no objection having been filed and a hearing having been held:

IT IS HEREBY FOUND AND CONCLUDED THAT:

      A.    Upon entry of this Order, the Debtor has full power and authority to consummate the transactions contemplated by the Agreement. No other consents or approvals are required for the Debtor to consummate such transactions.

      B.    Approval of the Agreement and consummation of the Sale at this time are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

      C.    The consideration provided by the Purchaser for the Real Property pursuant to the Agreement (i) is fair and reasonable, and (ii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States.

1

D. The transfer of the Real Property to the Purchaser will be a legal, valid and effective transfer of the Real Property and will vest the Purchaser with all right, title and interest of the Debtor to the Real Property free and clear of all (i) mortgages, security interests, conditional sale or other title retention agreements, pledges, liens, claims, judgments, demands, easements, charges, encumbrances, defects, security interests, options, rights of first refusal, and restrictions of all kind (collectively, "Interests") and (ii) all debts arising under or out of, in connection with, or in any way relating to, any acts of the Debtor, claims (as that term in defined in section 101 (5) of the Bankruptcy Code), rights or causes of action (whether in law or in equity, including, but not limited to, any rights or causes of action based on theories of transferee or successor liability under any law, statute, rule, or regulation of the United States, any state, territory, or possession thereof), obligations, demands, guarantees, rights, contractual commitments, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, "Claims"), except as expressly set forth in the Agreement and this Order.

E. Except as provided in the Agreement and this Order, consummation of the sale does not subject the Purchaser to any debts, liabilities, commitments, responsibilities, or claims of any kind against the Debtor or its property, whether known or unknown, contingent or otherwise, whether existing as of the date hereof or hereafter arising, except the Purchaser shall be liable for payment of the Purchase Price as defined in the Agreement and its other obligations under the Agreement including, without limitation, the payment of outstanding real property taxes due to the City of Nashua.

F.The Debtor may sell the Real Property free and clear of all Claims and Interests of any kind or nature whatsoever pursuant to 11 U.S.C. § 363(f)(2) as all parties with a lien have assented and the property will be sold subject to the amounts due to the City of Nashua for outstanding real property taxes which will be paid by the Purchaser in the ordinary course. Specifically, Independence Bank assents as does the Purchaser, Kayrouz Petroleum, LLC.  As provided in the Agreement, the proceeds of the sale will be paid over to Independence Bank.

G.Except as set forth in the Agreement and this Order, the transfer of the Real Property to the Purchaser will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor prior to the Closing Date.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.The Motion is granted and the Sale of the Real Property to Purchaser pursuant to the Agreement is APPROVED in accordance with this Order.

2.Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized to consummate the sale of the Real Property , pursuant to and in accordance with the terms and conditions of the Agreement.  In furtherance thereof, the Debtor is authorized to execute and deliver, and empowered to perform under, consummate and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Real Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

3.Pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Real Property shall be transferred to the Purchaser, and upon consummation of the Agreement (the "Closing") shall be,

3

free and clear of all Claims and Interests of any kind or nature whatsoever, other than as set forth in the Agreement, with all such Claims and Interests of any kind or nature whatsoever to attach to the net proceeds of the Real Property in the order of their priority, with the same validity, force and effect which they now have as against the Real Property.  As provided by the Agreement, the Debtor is authorized to pay over the proceeds of the sale to Independence Bank.

                                        BY THE COURT

 July 28, 2008                         /s/ Mark W. Vaughn
Date                                   Mark W. Vaughn
                                      Chief Bankruptcy Judge